IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRADLEY CARL BROWN,

    Plaintiff,

v.                                             Civil Action No. 5:08CV83
                                                               (STAMP)
FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN, Director, Federal BOP,
AL HAYNES, Former Warden,
D.E. GILL, Former Associate Warden,
HAROLD TAYLOR, Former Associate Warden,
V. DUPUIS, Former Lieutenant and
D. MURPHY, Former Lieutenant,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Facts and Procedural History

The plaintiff, Bradley Carl Brown, proceeding pro se,[1] filed a complaint on April 1, 2008, asserting constitutional claims against the defendants. Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Bivens, 403 U.S. at 397. The defendants believe that the plaintiff has also brought a tort action pursuant to the Federal Tort Claims Act ("FTCA"), 28

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

U.S.C. §§ 2671-2680 et seq. This matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

According to the complaint, the plaintiff first alleges that five inmates threatened him while he was incarcerated at USP Hazelton on March 7, 2006. As a result, he was placed in protective custody in the Special Housing Unit ("SHU"). The plaintiff states that he requested release from the SHU after discovering that the staff allegedly refused to discipline the inmates that threatened the plaintiff. The plaintiff stated that he outlined these facts in Inmate Request To Staff, commonly referred to as "cop-outs," to defendants Al Haynes ("Haynes"), D.E. Gill ("Gill"), Harold Taylor ("Taylor"), V. Dupuis ("Dupuis"), and D. Murphy ("Murphy"), as well as to others. The plaintiff believes that the defendants should have deterred the conduct of the alleged assailants. The plaintiff also believes that the defendants are negligent in not separating the alleged assailants from the plaintiff. Two of the five men who allegedly threatened the plaintiff served two weeks in disciplinary segregation. The plaintiff believes this was a reward.

The plaintiff further alleges that defendant Murphy refused to take action after the plaintiff informed him of renewed threats against him before the March 29, 2006 assault. The plaintiff

states that the Federal Bureau of Prisons and its director, defendant Harley G. Lappin ("Lappin"), are responsible for the assault against the plaintiff because they refuse to change the culture of the prisons.

The plaintiff seeks as relief: (1) expungement of his disciplinary record; (2) transfer to FCI-Sandstone; (3) release on Outside Custody to work outside of the institution; (4) release for monthly weekend furloughs for work; (5) reduction of sentence to ten years; (6) termination of his twenty year sentence; (7) payment of $5,000.00 upon release from custody; and (8) payment of all costs relating to this civil action.

Thereafter, on July 24, 2009, the defendants filed a motion to dismiss the individual defendants and to substitute the United States as the sole defendant based on the belief that the plaintiff's complaint raised a claim pursuant to the FTCA. Also on July 24, 2009, the United States filed a motion to dismiss the FTCA claim, stating that the plaintiff had not exhausted his administrative remedies before filing this civil action. The defendants also filed a motion to dismiss the plaintiff's complaint on various grounds in the case that this Court chose to view the complaint as a <u>Bivens</u> action. On July 27, 2009, Magistrate Judge Seibert issued a <u>Roseboro</u> notice. On July 28, 2009, the plaintiff filed a motion to amend his complaint to add another defendant. On August 10, 2009, the plaintiff filed a second motion to amend his

complaint. The plaintiff responded to the defendants' motions to dismiss on August 19, 2009.

The magistrate judge issued a report and recommendation recommending that the defendants' motion to dismiss and motion to substitute the United States be denied; the United States' motion to dismiss be denied as moot; the defendants' motion to dismiss or in the alternative, motion for summary judgment be granted; the plaintiff's motion for leave to file an amended complaint be granted; the plaintiff's second motion for leave to file an amended complaint be denied; and that the plaintiff's complaint and amended complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his proposed findings and recommendation must file written objections within ten days after being served with a copy of the report. The defendant filed timely objections.

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

A. Motions for Leave to Amend Complaint

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

The plaintiff filed his first motion to amend the complaint on July 28, 2009, seeking to add Lt. G. Cooper as an individual defendant. In addition, the plaintiff wishes to correct defendant Lappin's position as Director in the caption. Third, and finally, the plaintiff seeks to amend to request compensatory and punitive damages against the defendants as well as a request for four medical procedures. Because the defendants had not yet filed a responsive pleading when the plaintiff filed this first motion, the July 28, 2009 motion to amend must be granted as a matter of right.

This Court agrees with the magistrate judge, however, that after reviewing the substantive allegations made by the plaintiff, the amended complaint is subject to summary dismissal. The plaintiff argues that Lt. Cooper did not investigate the actions of the inmates who threatened him. Further, the plaintiff states that Lt. Cooper did not forward a detailed report to the Special Investigative Staff ("SIS") lieutenant after he interviewed the plaintiff. These assertions by the plaintiff do not constitute an Eighth Amendment violation. The plaintiff approached Lt. Cooper to request protective custody. Lt. Cooper relayed the plaintiff's concerns to appropriate staff. Pending further review, the plaintiff was placed in administrative detention and SIS staff conducted an investigation. The plaintiff cannot show that Lt. Cooper was deliberately indifferent to the plaintiff's safety.

The plaintiff filed his second motion to amend the complaint on August 19, 2009. In this motion, he seeks to add the United

States as a defendant and seeks to add a claim for relief which will discourage acts of violence and provide a culture change to the prison system. Finally, the plaintiff seeks injunctive relief to prohibit the BOP from transferring him from FCC Coleman or for placing him in the SHU for any false reason.

Here, this Court must deny the second motion for leave to file an amended complaint. In seeking to add the United States as a party, the plaintiff seeks to add an improper defendant. As will be discussed below, "any remedy under <u>Bivens</u> is against federal officials individually, not the federal government." <u>Randall v. United States</u>, 95 F.3d 339, 345 (4th Cir. 1996). Further, the plaintiff seeks relief that this Court is unable to grant. The Bureau of Prisons, not the judiciary, decides where inmates are housed and whether they will be transferred. <u>Meachum v. Fano</u>, 427 U.S. 215 (1976). As to institutional culture changes, this requested relief is neither monetary nor injunctive and therefore is unavailable to this plaintiff in a <u>Bivens</u> action. <u>Burnett v. United States</u>, 2006 WL 1587942 (W.D. Va. 2006) (unpublished). Accordingly, the plaintiff's second motion to amend his complaint must be denied.

B.  <u>Federal Tort Claims Act Claim</u>

As the defendant states in his objections, and as recognized by the magistrate judge, the plaintiff's primary allegation relates to the defendants' alleged deliberate indifference to a threat to his safety which resulted in a physical assault. Therefore, the

plaintiff properly filed a <u>Bivens</u> action. This Court also agrees with the magistrate judge that this civil rights action does not become a FTCA claim because the United States Attorney certified that the defendants were acting within the scope of their employment at the time of the incident. Accordingly, the defendants' motion to substitute the United States as a party is denied and the United States' motion to dismiss is denied as moot.

C. <u>Bivens Claims</u>

    1. <u>Bureau of Prisons</u>

The Federal Government and its agencies are not subject to suit absent a waiver of sovereign immunity. <u>Loeffler v. Frank</u>, 486 U.S. 549, 554 (1988). Although <u>Bivens</u> recognizes a personal-capacity cause of action for damages against federal officials for violations of federal constitutional rights, <u>Bivens</u> does not operate as a waiver of sovereign immunity for actions against the Federal Government and its agencies. <u>Bivens</u>, 403 U.S. at 397. <u>FDIC v. Meyer</u>, 510 U.S. 471, 483-86 (1994). Therefore, a <u>Bivens</u> damages action may not be maintained against federal agencies or the United States and, as a result, the plaintiff may not bring a cause of action against the Bureau of Prisons in this <u>Bivens</u> action. <u>Meyer</u>, 510 U.S. at 484.

    2. <u>Defendant Lappin</u>

"A suit against a federal official for acts performed within his official capacity amounts to an action against the sovereign." <u>See</u> <u>Thurston v. United States</u>, 810 F.2d 438, 444 (4th Cir. 1987)

(citing Portsmouth Redevelopment & housing Authority v. Pierce, 706 F.2d 471 (4th Cir. 1983)). Thus, a Bivens action will lie only against named federal officers or agents in their personal capacity. Meyer, 510 U.S. at 484. Consequently, any claims for damages against defendants in their official capacity are barred by sovereign immunity because such claims are deemed to be claims against the Federal Government or its agencies.

Here, the plaintiff does not allege in his complaint any personal involvement by defendant Harley Lappin. This defendant has been named in his official capacity. Therefore, this suit against this defendant in his official capacity is considered a suit against the United States itself. Graham, 473 U.S. at 165. This Court will affirm the magistrate judge's conclusion that the plaintiff's Bivens claim must fail against defendant Lappin.

    3.    Defendants Haynes, Gill, and Taylor

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendants Haynes, Gill, and Taylor were personally involved in any alleged deprivation of the plaintiff's constitutional rights. Rather, the plaintiff names them only in their official capacities, which the magistrate judge construed to be their supervisory capacities. However, to the extent that the plaintiff seeks to name defendants Haynes, Gill, and Taylor in their supervisory capacities, his claims must fail, as the magistrate judge correctly concluded. A supervisor may be liable under § 1983 if the following elements are

9

established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

On March 13, 2006, six days after going to the SHU, the plaintiff sent a note to the SHU lieutenant that indicated he did want to be released from protective custody. The plaintiff was released on March 29, 2006. That same day, two inmates assaulted him. The plaintiff sent cop-outs regarding the threats. First, on March 14, 2006, the plaintiff wrote Taylor, indicating he did not want to be placed in protective custody, but instead wanted the inmates who threatened him to be disciplined. On March 28, 2006, the plaintiff wrote Haynes, stating that the staff had refused to interview him to discuss possible remedies. Finally, on April 2, 2006, the plaintiff wrote Haynes, complaining that he never had a hearing within seven days of his request to be removed from the SHU. The magistrate judge correctly determined that these cop-outs do not demonstrate that these three defendants had any knowledge, actual or constructive, that the SIS staff engaged in conduct

10

posing an unreasonable risk of harm to the plaintiff. Further, the cop-outs do not show deliberate indifference on the part of these three defendants. The plaintiff cannot make a showing of supervisory liability.

   4.   Deliberate Indifference

A prison official violates the Eighth Amendment when he is deliberately indifferent "to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828 (1994). The Eighth Amendment imposes the duty on a prison official to "take reasonable measures to guarantee the safety of inmates," which includes protecting prisoners from "violence at the hands of other prisoners." Id. at 832–33. While the Supreme Court has not addressed at what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes, the Supreme Court has stated that for a prison official to be found liable under the Eighth Amendment for denying an inmate humane conditions of the confinement, the official must know of and disregard "an excessive risk to inmate health or safety." Id. at 837. Further, the official must "both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, the plaintiff cannot make a showing of deliberate indifference on the part of the defendants. This Court does not doubt that other inmates assaulted the plaintiff. However, the plaintiff's physical assault does not automatically trigger a

violation of the Eighth Amendment by the defendants.  When the plaintiff notified prison staff of the threats against him, he was immediately placed in protective custody.  The plaintiff requested that prison staff release him from protective custody. Before this request was granted, an investigation was conducted and completed. The prison staff released the plaintiff from custody only after the investigation concluded that there was no evidence to substantiate the plaintiff's claim that he had been threatened.  After the assault, the prison staff placed the plaintiff in protective custody before moving him to another facility.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation as to the defendants' motion to dismiss and motion to substitute the United States be DENIED; the United States' motion to dismiss be DENIED AS MOOT; the defendants' motion to dismiss or in the alternative, motion for summary judgment be GRANTED; the plaintiff's motion for leave to file an amended complaint be GRANTED; the plaintiff's second motion for leave to file an amended complaint be DENIED; and that the plaintiff's complaint and amended complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

12

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 17, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE